Slip Op. 07-182

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ARTHUR C. SCHICK, III<br><br>and<br><br>SCHICK INTERNATIONAL FORWARDING, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before: Timothy C. Stanceu, Judge<br><br>Court No. 06-00279 |

## OPINION

[Dismissing, in response to defendant's motion, the first of plaintiffs' claims for failure to state a claim upon which relief can be granted and dismissing the remaining claims for lack of subject matter jurisdiction]

Dated: December 18, 2007

Neville Peterson LLP (*John M. Peterson, George W. Thompson, Maria E. Celis,* and *Curtis W. Knauss*) for plaintiffs.

*Jeffrey S. Bucholtz*, Acting Assistant Attorney General, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, *Mikki Graves Walser*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Benjamin B. Hamlow*, Office of Associate Chief Counsel, United States Customs and Border Protection, of counsel, for defendant.

Stanceu, Judge:  Plaintiffs Arthur C. Schick III ("Schick") and Schick International

Forwarding, Inc. ("Schick International") brought this action to contest the revocation of

Schick's customs broker's license for failure to file a timely status report ("triennial report") with

Customs and Border Protection, United States Department of Homeland Security ("Customs") as

required by Section 641(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1641(g) (2000). At the time they brought this action, plaintiffs also sought to prevent Customs from revoking Schick International's corporate customs broker's license for failure to appoint a licensed customs broker to serve as a qualifying officer as required by 19 U.S.C. § 1641(b)(5).

Invoking the subject matter jurisdiction of the Court of International Trade as set forth in 28 U.S.C. § 1581(i)(1) and (i)(4) (2000), plaintiffs make three claims on behalf of Schick and one on behalf of Schick International. On behalf of Schick, plaintiffs claim, first, that the revocation of Schick's license by Customs was conducted without the observance of specific procedures, including a hearing, that plaintiffs contend were required by 19 U.S.C. § 1641(d)(2)(B). Compl. ¶¶ 16-20. Second, plaintiffs claim that Customs was required by the Fifth Amendment to the United States Constitution to afford Schick due process of law prior to depriving Schick of the property right consisting of Schick's individual license, and, further, that due process of law, as required by the Administrative Procedure Act ("APA"), included the conducting of a hearing. *Id*. ¶¶ 22-29, 31. Plaintiffs' third claim is that the revocation of Schick's license was an excessive fine or sanction prohibited by the Eighth Amendment to the Constitution. *Id*. ¶¶ 33-36. The complaint also claims, on behalf of Schick International, that the company lacked a licensed qualifying officer only as a result of an unlawful revocation of Schick's individual customs broker's license and that revocation of Schick International's corporate license on that basis would be similarly unlawful. *Id*. ¶¶ 38-40. Defendant United States moves to dismiss this action for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

The court concludes that 28 U.S.C. § 1581(i)(4) provides subject matter jurisdiction over plaintiffs' claim that Schick was entitled to the benefit of the procedure, including a hearing, that is provided for in 19 U.S.C. § 1641(d)(2)(B). However, the court also concludes that 19 U.S.C. § 1641 does not require resort to the procedure of § 1641(d)(2)(B) when a license is revoked under § 1641(g). For this reason, plaintiffs' first claim is not one upon which relief can be granted. The court concludes, further, that 28 U.S.C. § 1581 does not provide the court jurisdiction to adjudicate plaintiffs' claim that the revocation of Schick's license was a violation of due process of law as guaranteed by the Fifth Amendment and as provided by the APA. In addition, the court concludes that 28 U.S.C. § 1581 does not provide jurisdiction over plaintiffs' claim that the revocation was an excessive fine or sanction prohibited by the Eighth Amendment. The court lacks jurisdiction to hear plaintiffs' claim with respect to the possible revocation of the corporate license of Schick International because that claim is now moot as a result of events occurring after this action was commenced. Finally, the court concludes in the circumstances of this case that transfer to another court is not in the interest of justice. Because plaintiffs' claim pertaining to 19 U.S.C. § 1641(d)(2)(B) is not one on which relief can be granted, because the court lacks subject matter jurisdiction to hear any of plaintiffs' other claims, and because transfer is not in the interest of justice, the court will grant defendant's motion and enter judgment dismissing this action.

## I. BACKGROUND

The facts pertaining to the revocation of Schick's customs broker's license and the status of Schick International's corporate customs broker's license are summarized herein based on plaintiffs' complaint, exhibits attached thereto, and plaintiffs' various other submissions.

In 2006, Schick, "[a]s the result of illness," failed to file a timely triennial report with Customs. Compl. ¶ 9. By letter dated on or about March 5, 2006, Customs notified Schick that Schick's customs broker's license had been suspended pursuant to 19 C.F.R. § 111.30(d) (2005) for failure to timely file the triennial report. *Id*. ¶ 10, Ex. A at 1. The letter informed Schick that if the required report and the $100 fee imposed under the agency's regulations were not submitted within sixty days, Schick's license would be revoked "by operation of law without prejudice." *Id*. Ex. A at 1. "Again by reason of illness," Schick did not file the required triennial report within the sixty-day period. *Id*. ¶ 10. By letters dated June 22 and June 26, 2006, and addressed to Schick at the address of Schick International, Customs informed Schick International that Schick's customs broker's license had been revoked under 19 C.F.R. § 111.30(d). *Id*. ¶¶ 12-13, Ex. B at 1, Ex. C at 1. The June 22 letter also advised Schick International that the failure to designate another individual possessing a customs broker's license to act as the qualifying officer for Schick International would result in the revocation by operation of law of Schick International's corporate customs broker's license on September 3, 2006 under 19 C.F.R. § 111.45(a) (2006). *Id*. ¶ 12, Ex. B at 1. The June 26 letter advised Schick International that if Schick International did not designate, by November 3, 2006, a licensed customs broker holding a permit to do business in the Los Angeles Customs District, the agency would revoke under 19 C.F.R. § 111.45(b) the corporation's permit to engage in customs business in that district. *Id*. ¶ 13, Ex. C at 1. Schick International subsequently avoided the revocation of its corporate broker's license and its permit. Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss 6 n.3 (stating that "Schick International Forwarding, Inc. has, to this writing,

been able to maintain its corporate license" by appointing new qualifying officers) ("Resp. to

Def.'s Mot.").

On August 2, 2006, plaintiffs' counsel sent to the Port Director of Customs in Los

Angeles a written request that Customs withdraw the "proposed revocations" of Schick's

individual license and of Schick International's corporate license. *Id*. at 6. Plaintiffs argued that

Schick was entitled to a hearing under 19 U.S.C. § 1641(d) and its implementing regulations

before his license could be revoked. *Id*. Customs denied plaintiffs' request and declined to grant

Schick a hearing. *Id*.

Plaintiffs filed suit on August 18, 2006, asserting the aforementioned claims under

19 U.S.C. § 1641, the APA, and the Fifth and Eighth Amendments to the Constitution. Compl.

¶¶ 15-40. Defendant moves to dismiss the complaint under USCIT Rule 12(b)(1) for lack of

subject matter jurisdiction and under USCIT Rule 12(b)(5) for failure to state a claim upon which

relief can be granted. Def.'s Mot. to Dismiss 1.

## II. DISCUSSION

To avoid dismissal in whole or in part for lack of subject matter jurisdiction, Schick and

Schick International must plead facts from which the court may conclude that it has subject

matter jurisdiction with respect to each of their claims. *See McNutt v. Gen. Motors Acceptance

Corp*., 298 U.S. 178, 189 (1936) (explaining that a plaintiff "must allege in his pleading the facts

essential to show jurisdiction."). With respect to a claim within the court's subject matter

jurisdiction, dismissal for failure to state a claim upon which relief can be granted is proper if

plaintiffs' factual allegations are not "enough to raise the right to relief above the speculative

level on the assumption that all of the allegations in the complaint are true (even if doubtful in

fact)." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court assumes that all well-pleaded factual allegations in the complaint are true and draws all reasonable inferences in the plaintiffs' favor. *Leider v. United States*, 301 F.3d 1290, 1295 (Fed. Cir. 2002).

A. Relief Cannot Be Granted upon Plaintiffs' Claim that Customs Was Required to Follow the Procedures in 19 U.S.C. § 1641(d)(2)(B) Before Revoking Schick's License

Plaintiffs' first claim is that the revocation of Schick's individual broker's license was unlawful because Schick was not first provided the notice and the opportunity for a hearing that are specified by 19 U.S.C. § 1641(d)(2)(B) and the Customs regulations related to that provision. *See* Compl. ¶¶ 16-20 ("Count I: Violation of 19 U.S.C. § 1641(d)"). According to plaintiffs, Customs is required by the statute and the regulations to follow the procedures of 19 U.S.C. § 1641(d)(2)(B) "prior to revoking the license of an individual to act as a Custom house broker." *Id*. ¶ 16. Plaintiffs allege that to the extent that Customs failed to provide Schick the notice and hearing required by 19 U.S.C. § 1641, the agency failed to accord Schick due process of law. *Id*. ¶ 19. Plaintiffs submit that the court must "set aside" the revocation according to the APA, 5 U.S.C. § 706(2)(D), because the agency's action of revoking Schick's license was "without observance of procedure required by law." *Id*. ¶ 20 (citing 5 U.S.C. § 706(2)(D) (2000)).

The court first considers whether it possesses jurisdiction to adjudicate plaintiffs' first claim and concludes that such jurisdiction is provided by 28 U.S.C. § 1581(i)(4). The court then considers whether this is a claim upon which relief can be granted and concludes, based on the plain language of 19 U.S.C. § 1641, that it is not.

The jurisdiction of the Court of International Trade to adjudicate civil actions brought against the United States is provided by 28 U.S.C. § 1581.  Under 28 U.S.C. § 1581(g)(2), the court is provided exclusive jurisdiction of any civil action commenced to review "any decision of the Secretary of the Treasury[1] to revoke . . . a customs broker's license . . . under [19 U.S.C. § 1641(d)(2)(B)]."  28 U.S.C. § 1581(g)(2).  Subsection (i)(4) of 28 U.S.C. § 1581 grants the court jurisdiction of civil actions that arise out of any law of the United States providing for "administration and enforcement with respect to the matters referred to" in the other provisions of § 1581, including subsection (g).  *Id*. § 1581(i)(4).  Plaintiffs argue that jurisdiction exists over their entire action, including this first claim, because the action "relates to matters pertaining to the administration and enforcement of 19 U.S.C. § 1641(d), which is specifically mentioned in 28 U.S.C. § 1581(g)."  Compl. ¶ 3.

The court concludes that plaintiffs' first claim is within the court's subject matter jurisdiction.  Under subsection (i)(4) of 28 U.S.C. § 1581, the court has jurisdiction to hear a claim arising out of a law providing for administration and enforcement with respect to a decision of the Secretary of the Treasury to revoke a customs broker's license under 19 U.S.C. § 1641(d)(2)(B), which is a "matter[] referred to" in subsection (g)(2) of 28 U.S.C. § 1581.  28 U.S.C. § 1581(g)(2), (i)(4).  Plaintiffs' first claim is essentially that Schick was entitled to the benefit of the procedure specified by 19 U.S.C. § 1641(d)(2)(B) but did not receive that benefit.  Compl. ¶¶ 16-20.  As stated in the complaint, this claim "arises out of" 19 U.S.C.

---

[1] Before January 2003, administration of 19 U.S.C. § 1641 was the responsibility of the Secretary of the Treasury.  19 U.S.C. § 1641 (2000).  The functions of the Secretary of the Treasury under § 1641 are now performed by the Secretary of Homeland Security.  *See* 6 U.S.C. § 203 (Supp. 2005).

§ 1641(d)(2)(B), which is a law providing for administration and enforcement with respect to a decision of the Secretary to revoke a license under that provision. *See* 19 U.S.C. § 1641(d)(2)(B). Therefore, plaintiffs' first claim is within the subject matter jurisdiction of the court provided by 28 U.S.C. § 1581(i)(4).

Arguing that the court lacks jurisdiction over any of plaintiffs' claims, defendant cites the decision of the Court of Appeals for the Federal Circuit ("Court of Appeals") in *Retamal v. United States*, 439 F.3d 1372, 1375 (Fed. Cir. 2006) for the proposition that "jurisdiction of revocations for failure to satisfy the triennial reporting process does not exist under 28 U.S.C. § 1581(i)(4)." Mem. in Supp. of Def.'s Mot. to Dismiss 9. Defendant's characterization of the holding in *Retamal* is overly broad. The Court of Appeals concluded in *Retamal* that "the revocation of a license under 19 U.S.C. § 1641(g)(2) is not referenced anywhere in 28 U.S.C. §§ 1581(a)-(h) or 28 U.S.C. §§ (i)(1)-(3) and, therefore, jurisdiction cannot lie under 1581(i)(4)." *Retamal*, 439 F.3d at 1376. The court does not construe the holding in *Retamal* to preclude the exercise of jurisdiction over plaintiffs' first claim, which arises specifically out of 19 U.S.C. § 1641(d)(2)(B). Nothing in the opinion in *Retamal* states or even suggests that the Court of Appeals was presented with, or was addressing, the narrow jurisdictional issue that is posed by plaintiffs' claim that Schick was entitled to the benefit of the procedures set forth in § 1641(d)(2)(B) prior to the revocation of his license under § 1641(g)(2)(C).

The court concludes, however, that no relief can be granted on plaintiffs' first claim because the claim is based on an argument that is contrary to the plain language of 19 U.S.C. § 1641. This statute may not reasonably be construed to require adherence to the procedures of § 1641(d)(2)(B) prior to a revocation under §1641(g)(2)(C).

The revocation procedures specified in subsections (d)(2)(B) and (g)(2) of 19 U.S.C. § 1641 are separate and independent. None of the provisions of 19 U.S.C. § 1641(d) contains any reference to subsection 19 U.S.C. § 1641(g). *See* 19 U.S.C. § 1641(d). Nor is 19 U.S.C. § 1641(d) referred to in 19 U.S.C. § 1641(g). *See id*. § 1641(g).

Additionally, revocations of brokers' licenses under § 1641(d)(2)(B) are at the discretion of the Secretary. *See id*. § 1641(d)(1) (providing that the Secretary "*may* . . . revoke . . . a license of any customs broker" (emphasis added)), (d)(2)(B). Revocation may occur for any of various reasons identified in § 1641(d)(1)(A)-(F), including, *inter alia*, a false statement or material omission in an application for a license or permit or in a required report, a conviction of certain felonies or misdemeanors, or a violation of the Customs laws or regulations. *See id*. § 1641(d)(1)(A)-(F). A license revocation proceeding conducted under § 1641(d)(2)(B) includes the opportunity for the licensee to show cause why a license should not be revoked or suspended and, if the Secretary determines revocation or suspension is still warranted, the opportunity for a hearing before an administrative law judge, who issues findings of fact and recommendations for a decision. *Id*. § 1641(d)(2)(B). The Secretary makes the final decision on the record made before the administrative law judge. *Id.* § 1641(d)(2)(B), (d)(3). The Secretary "may settle and compromise" a disciplinary proceeding instituted under 19 U.S.C. § 1641(d)(2)(B) "according to the terms and conditions agreed to by the parties, including but not limited to the reduction of any proposed suspension or revocation to a monetary penalty." *Id*. § 1641(d)(3).

In contrast, revocation of a broker's license under subsection (g)(2)(C) of 19 U.S.C. § 1641 is non-discretionary if the licensee fails to file a timely triennial report and, after receiving notice of suspension of his license, fails to remedy the noncompliance by making the required

filing within the sixty-day period provided for in subsection (g)(2)(B). *See id*.

§ 1641(g)(2)(B)-(C). Specifically, subsection (g)(1) of 19 U.S.C. § 1641 requires that:

> On February 1, 1985, and on February 1 of each third year thereafter, each person who is licensed under subsection (b) of this section shall file with the Secretary of the Treasury a report as to–(A) whether such person is actively engaged in business as a customs broker; and (B) the name under, and the address at, which such business is being transacted.

*Id*. § 1641(g)(1); *see also* 19 C.F.R. § 111.30(d)(1)-(2) (reiterating the statutory reporting requirements and imposing certain additional reporting requirements); 19 C.F.R. § 111.96(d) (2005) (imposing a $100 "[s]tatus report fee"). If a licensee "fails to file the required report by March 1 of the reporting year, the license is suspended, and may be thereafter revoked" subject to procedures set forth in subsection (g)(2). 19 U.S.C. § 1641(g)(2). Under the statutory procedures, Customs "shall transmit written notice of suspension to the licensee no later than March 31 of the reporting year." *Id*. § 1641(g)(2)(A). If the licensee files the required report within sixty days of receiving the notice, "the license shall be reinstated." *Id*. § 1641(g)(2)(B). If the licensee does not provide the required report within sixty days of the notice, "the license shall be revoked without prejudice to the filing of an application for a new license." *Id*. § 1641(g)(2)(C); *see also* 19 C.F.R. § 111.30(d)(4). Under the plain meaning of the statutory provision, the Secretary has no discretion under § 1641(g)(2)(C) to reinstate the license once the licensee has failed to take the corrective action within the sixty-day period.

A license revocation accomplished under § 1641(d)(2)(B) differs from a revocation conducted under § 1641(g)(2)(C) in another respect as well: while the former is expressly made appealable in the Court of International Trade by § 1641(e), the latter is not. *See* 19 U.S.C. § 1641(e). Subsection (e) of § 1641 expressly provides for review in the Court of International

Trade of revocations of brokers' licenses by operation of law under § 1641(b)(5) and

discretionary revocations under § 1641(d)(2)(B) but makes no mention of revocations of brokers'

licenses under § 1641(g)(2)(C).  *Id*.  Therefore, a plaintiff appealing a revocation of a license

under § 1641(g)(2)(C) must rely for a waiver of sovereign immunity on the APA or pursue a

nonstatutory form of review.[2]  *See Motions Sys. Corp. v. Bush*, 437 F.3d 1356, 1359 (Fed. Cir.

2006) (stating that where an explicit statutory cause of action is lacking, the plaintiff must rely on

the APA or some nonstatutory form of review for relief), *cert. denied*, 127 S. Ct. 69 (2006); *see

also* 5 U.S.C. §§ 702 ("A person suffering legal wrong because of agency action, or adversely

affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to

judicial review . . . ."), 704 ("[F]inal agency action for which there is no other adequate remedy

in a court [is] subject to judicial review.") (2000).

Plaintiffs argue that 19 U.S.C. § 1641(g) provides only grounds for revocation, not a

procedure for revocation, and that a revocation under § 1641(g) therefore is not lawfully

accomplished under the statute absent the notice and hearing procedures that are provided for in

§ 1641(d)(2)(B).  Resp. to Def.'s Mot. 9, 12-15, 30.  The court disagrees.  The argument that a

revocation under § 1641(g) requires the conducting of a proceeding under § 1641(d)(2)(B) fails

for the reasons previously discussed.  Contrary to plaintiffs' argument that "19 U.S.C. § 1641(g)

does not in fact provide a separate procedure for revoking Customhouse broker's licenses, but

merely a ground for doing so," Resp. to Def.'s Mot. 30, § 1641(g) provides both a ground for

---

[2] Under the doctrine of sovereign immunity, "[t]he United States, as a sovereign, is immune from suit save as it consents to be sued . . . ." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (internal citations omitted).  Absent a waiver of that immunity, neither the federal government nor its agencies are subject to suit.  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

revocation and a procedure by which such a revocation must be accomplished. *See* 19 U.S.C.

§ 1641(g). The statutory procedure expressly requires notice of the suspension and affords the

broker the opportunity to remedy the noncompliance within sixty days and thereby avoid

revocation, which, if it occurs, is without prejudice to the filing of a new application. *Id.*

at § 1641(g)(2)(A)-(C).

In support of their argument that § 1641(g) provides only a ground for revocation, and

that revocation on that ground must follow the procedures found in 19 U.S.C. § 1641(d)(2)(B),

plaintiffs cite the report prepared by the House Committee on Ways and Means on House

Bill 6064, a bill that was enacted as part of the Trade and Tariff Act of 1984, Pub. L. No. 98-573,

98 Stat. 2948 (1984) ("Trade and Tariff Act"). Resp. to Def.'s Mot. 17-18 (citing H.R. Rep.

No. 98-1015, at 71-73 (1984)). The report describes section 206 of House Bill 6064, which

contained amendments resulting in the current 19 U.S.C. § 1641(g), as making "comprehensive

changes to [19 U.S.C. § 1641] relating to customs brokers." H.R. Rep. No. 98-1015, at 71.

Plaintiffs direct the court specifically to the statement in the report that "'[b]rokers licenses *are*

*subject to suspension and revocation* if the required triennial reports are not timely filed with the

Secretary of the Treasury'" and to another sentence in the report that, in also discussing the

requirement on brokers to file triennial reports, states that "'[w]ith this legislation, if these

reports are not filed, *individual broker's licenses may be suspended until filed or revoked*.'"

Resp. to Def.'s Mot. 17-18 (quoting H.R. Rep. No. 98-1015, at 71-73) (emphasis added by

plaintiffs). Plaintiffs read in the words "are subject to suspension and revocation," and in the

words "individual broker's licenses may be suspended until filed or revoked," the congressional

intent that revocation under 19 U.S.C. § 1641(g) must be accomplished under the suspension and revocation procedures of 19 U.S.C. § 1641(d).  *Id.*

Plaintiffs' argument based on legislative history does not convince the court that Congress intended suspensions and revocations under 19 U.S.C. § 1641(g) to be accomplished under the procedures of § 1641(d)(2)(B).  Although the report language emphasized by plaintiffs suggests that suspension and revocation under § 1641(g) are discretionary with the Secretary, Congress, in drafting § 1641(g), provided expressly that if a licensee fails to file the required triennial report by March 1 of the reporting year, "the license is suspended" and that if the licensee fails to cure the noncompliance within sixty days of receiving notice of suspension, "the license shall be revoked."  19 U.S.C. § 1641(g)(2).  Thus, contrary to what might be inferred from the language of the House report, the statute itself unambiguously provides that both the suspension and the revocation occur without the exercise of any discretion on the part of the Secretary.  The court declines to impart to the House report a meaning that contradicts the unambiguous language of the statute.

Moreover, the House report contains other language suggesting that suspension and revocation under subsection (g)(2) of 19 U.S.C. § 1641 were intended to be independent of the suspension and revocation procedures of subsection (d)(2)(B).  Subsection (d) and subsection (g) are discussed in separate paragraphs of the report.  *See* H.R. Rep. No. 98-1015, at 72-73.  With respect to the former, the report comments on Congress's intent concerning the exercise of the Secretary's discretion to suspend or revoke a license.  The report explains that, as amended, the statute for the first time would include authority for assessment of monetary penalties in lieu of suspension and revocation of a broker's license.  *Id*. at 72.  In this context, the report recounts an

apparent understanding between the House Ways and Means Committee and Customs under which Customs "has agreed that proceedings for 'suspension or revocation' of a Customs broker's license will only be initiated where there is evidence supporting a reason to believe that a 'serious violation' has occurred." *Id.* This comment appears to be related solely to the Secretary's exercise of discretion to suspend or revoke a license under 19 U.S.C. § 1641(d)(2)(B). It would be illogical to construe this comment as applying to the non-discretionary suspensions and revocations under 19 U.S.C. § 1641(g). It also would be illogical to presume that Congress viewed as a "serious violation" an untimely filing of a triennial report, whether resulting in a suspension under § 1641(g)(2) or a revocation under § 1641(g)(2)(C). Suspension ends and the license is reinstated if the filing defect is cured during the sixty-day period, and revocation does not prejudice the former licensee in applying for a new customs broker's license. *See* 19 U.S.C. § 1641(g)(2)(B)-(C).

The court finds no merit in plaintiffs' argument that the Customs regulations entitled Schick to the benefit of the procedures of 19 U.S.C. § 1641(d)(2)(B) prior to the revocation of Schick's license. *See* Resp. to Def.'s Mot. 33-34. Like the statute, the regulations address suspensions and revocations under 19 U.S.C. § 1641(g) in provisions separate from those associated with 19 U.S.C. § 1641(d)(2)(B). *Compare* 19 C.F.R. § 111.30(d) (pertaining to the triennial report and consequences of the failure to file), *with* 19 C.F.R. § 111.50 (2005) (stating that the suspension and revocation procedures of Part 111, Subpart D relate to 19 U.S.C. § 1641(d)(2)(B)). The court finds nothing in the regulations requiring adherence to the procedures of 19 U.S.C. § 1641(d)(2)(B) prior to the suspension or revocation of a license under 19 U.S.C. § 1641(g).

As shown by the statements in the complaint and the exhibits thereto, Customs revoked Schick's customs broker's license pursuant to its authority under 19 U.S.C. § 1641(g)(2)(C) and, therefore, was not required by § 1641 to commence a proceeding under § 1641(d)(2)(B). Schick violated the requirements of 19 U.S.C. § 1641(g)(1) by not filing his triennial report by the statutory deadline. *See* Compl. ¶¶ 8-9. His license was suspended "as a result of [his] failure to submit the Status Report required by 19 CFR 111.30(d)," a regulation which, as stated above, reiterates the reporting requirement of § 1641(g)(1). *Id.* Ex. A at 1. Customs provided Schick with notice of the suspension, which notice is expressly required by § 1641(g)(2)(A). *Id.* ¶ 10, Ex. A at 1. When Schick failed to cure his non-compliance within sixty days of that notice, Customs revoked his license, citing as authority 19 C.F.R. § 111.30(d). *Id.* ¶¶ 11-12, Ex. B at 1, Ex. C at 1. Revocations under 19 C.F.R. § 111.30(d) are accomplished under the authority of 19 U.S.C. § 1641(g)(2)(C). *Compare* 19 U.S.C. § 1641(g)(2)(C) (stating that "[i]n the event the required report is not filed within the 60-day period, the license shall be revoked without prejudice to the filing of an application for a new license.") *with* 19 C.F.R. § 111.30(d)(4) (stating that [i]f the broker does not file the required report within [the] 60-day period, the broker's license is revoked by operation of law without prejudice to the filing of an application for a new license.").

In summary, based on 19 U.S.C. § 1641 and on the facts as pleaded in plaintiffs' complaint and shown in the exhibits thereto, the court concludes that no relief can be granted on plaintiffs' claim that Schick was entitled by § 1641 and the Customs regulations to the benefit of the procedures specified in § 1641(d)(2)(B) prior to the revocation of Schick's license under § 1641(g)(2)(C). The court concludes, for the reasons discussed previously, that neither

19 U.S.C. § 1641 nor the regulations entitled Schick to the benefit of the notice and hearing provisions of § 1641(d)(2)(B). Contrary to Schick's claim that Customs, in revoking Schick's license, "failed to afford plaintiff Arthur Schick due process of law," Compl. ¶ 19, Customs provided Schick the due process that is required by § 1641(g)(2) and the regulations. The letter dated on or about March 5, 2006 not only notified Schick of the suspension but specifically instructed him that failure to submit the report and the fee within the sixty-day period would result in the revocation of Schick's license.

  B.  Plaintiffs' Claim that the Fifth Amendment and the APA Required a Hearing Prior to the
       Revocation of Schick's License Is Not Within the Court's Subject Matter Jurisdiction

        Plaintiffs expressly invoke the APA in their second claim, which is that Customs was required by the Fifth Amendment to afford Schick due process of law prior to depriving Schick of the property right consisting of his individual license, and, further, that due process, as specified by the APA, 5 U.S.C. §§ 554, 556, and 557, necessarily included the conducting of a hearing. Compl. ¶¶ 28-29. As discussed above, Customs revoked Schick's customs broker's license under the authority and procedures of 19 U.S.C. § 1641(g). In addition to the APA itself, on which this claim relies for its procedural aspect and on which it must rely for a waiver of sovereign immunity, plaintiffs' second claim arises out of 19 U.S.C. § 1641(g).

        Because the revocation of Schick's license was accomplished under 19 U.S.C. § 1641(g)(2)(C), not 19 U.S.C. § 1641(b) or (d)(2)(B), plaintiffs' second claim is not within the subject matter jurisdiction provided by 28 U.S.C. § 1581(g). Instead, plaintiffs invoke the court's jurisdiction over their second claim according to paragraphs (1) and (4) of 28 U.S.C. § 1581(i). Compl. ¶¶ 2-3. Under § 1581(i)(1), the court has exclusive jurisdiction of any civil action

against the United States arising out of any law providing for "revenue from imports or tonnage." 28 U.S.C. § 1581(i)(1). However, neither the APA nor 19 U.S.C. § 1641(g), which requires the triennial report and provides for the suspension and revocation of a customs broker's license when the licensee does not make a timely filing, provides for revenue from imports or tonnage. The court, therefore, has no jurisdiction under 28 U.S.C. § 1581(i)(1) to hear plaintiffs' second claim.

Plaintiffs' second claim is not encompassed by 28 U.S.C. § 1581(i)(4), which, as discussed previously, provides the Court of International Trade exclusive jurisdiction of any civil action against the United States that arises out of a law providing for administration and enforcement with respect to matters referred to elsewhere in § 1581, *i.e.*, in paragraphs (1)-(3) of 28 U.S.C. § 1581(i) and in subsections (a) through (h) of 28 U.S.C. § 1581. *See id*. § 1581(i)(4). Plaintiffs argue that their entire action "relates to matters pertaining to the administration and enforcement of 19 U.S.C. § 1641(d), which is specifically mentioned in 28 U.S.C. § 1581(g)." Compl. ¶ 3. The "matters referred to" in 28 U.S.C. § 1581(g) include a decision of the Secretary to revoke a license under subsection (b)(5) or under subsection (d)(2)(B), but not a decision to revoke a license under subsection (g), of 19 U.S.C. § 1641. *See* 28 U.S.C. § 1581(g), (i)(4). Unlike plaintiffs' first claim, this second claim has no stated relationship to 19 U.S.C. § 1641(d)(2)(B) and, accordingly, cannot be described as arising out of that statutory provision. Therefore, for purposes of 28 U.S.C. § 1581(i)(4), plaintiffs' second claim does not arise out of a law that provides for "administration and enforcement with respect to the matters referred to" in 28 U.S.C. § 1581(g). *See id*. § 1581(i)(4). The court concludes, accordingly, that it lacks subject matter jurisdiction to hear plaintiffs' second claim.

In support of their jurisdictional argument, plaintiffs cite the legislative history discussed previously. Plaintiffs point to a sentence in the House report which states that "'[s]ection 206 [of the 1984 Act] makes conforming changes to other provisions of law to clearly establish that *the Court of International Trade has exclusive jurisdiction over decisions of the Secretary of the Treasury pursuant to section 641* [19 U.S.C. § 1641], as amended by this legislation . . . .'" Resp. to Def.'s Mot. 18 (quoting H.R. Rep. No. 98-1015, at 71) (emphasis added by plaintiffs). This sentence from the House report, if considered in isolation, might be viewed to indicate that Congress intended revocations under 19 U.S.C. § 1641(g)(2)(C) to be appealable in the Court of International Trade. However, revocations under 19 U.S.C. § 1641(g)(2)(C) are, as discussed previously, nondiscretionary on the part of the Secretary. For this reason, the report's reference to "*decisions* of the Secretary of the Treasury pursuant to section 641" is not necessarily construed as a reference to revocations of licenses under § 1641(g)(2)(C). *See* H.R. Rep. No. 98-1015, at 71 (emphasis added).

Moreover, construing the reference in the House report to "decisions of the Secretary of the Treasury pursuant to section 641" as a reference to revocations under 19 U.S.C. § 1641(g)(2)(C) is inconsistent with the language Congress chose in drafting the amendments to 19 U.S.C. § 1641(e) and 28 U.S.C. § 1581(g). *See id*. The language of 19 U.S.C. § 1641(e), as amended by section 212(a) of the Trade and Tariff Act, expressly provides for judicial review in the Court of International Trade of "any decision of the Secretary denying or revoking a license or permit under subsection (b) or (c), or revoking or suspending a license or permit or imposing a monetary penalty in lieu thereof under subsection (d)(2)(B)." Trade and Tariff Act of 1984, Pub. L. No. 98-573, § 212(a), 98 Stat. 2948, 2978, 2981-82 (1984). Conspicuous by its absence

is any reference to a revocation of a license under subsection (g)(2)(C). Similarly, section 212(b) of the Trade and Tariff Act amended 28 U.S.C. § 1581(g) to provide the court exclusive jurisdiction of any civil action commenced to review a decision of the Secretary of the Treasury to revoke a customs broker's license under subsections (b)(5) or (d)(2)(B), but not subsection (g)(2)(C), of 19 U.S.C. § 1641. *Id*. § 212(b), 98 Stat. at 2983. For these reasons, the legislative history cited by plaintiffs does not support a conclusion that the court may exercise jurisdiction over plaintiffs' claim that due process and the APA required a hearing prior to the revocation of Schick's license.

C.  Plaintiffs' Eighth Amendment Claim Is Not Within the Court's Subject Matter Jurisdiction

Plaintiffs' complaint also includes a claim that the revocation of Schick's license was an excessive fine or sanction prohibited by the Eighth Amendment. According to the complaint, "[t]o the extent that Customs revoked and forfeited the Customhouse broker license of plaintiff Arthur C. Schick III as a fine or sanction for his failure to timely file the informational report prescribed in 19 U.S.C. § 1641(g)(1), the sanction constitutes an excessive fine in violation of the Eighth Amendment to the United States Constitution, and must be set aside as unlawful." Compl. ¶ 36.

Construed most broadly, plaintiffs' Eighth Amendment claim is essentially that 19 U.S.C. § 1641(g)(2)(C) is unconstitutional on its face or as applied to Schick. Because this claim arises out of 19 U.S.C. § 1641(g)(2)(C), not § 1641(b) or (d)(2)(B), it cannot rely on § 1641(e) for a waiver of sovereign immunity. *See* 19 U.S.C. § 1641(e). In bringing this claim, plaintiffs are seeking "some form of nonstatutory review." *See Motions Sys. Corp.*, 437 F.3d at 1359.

Plaintiffs' Eighth Amendment claim seeking nonstatutory review suffers from the same basic jurisdictional defect as does plaintiffs' claim arising out of the APA and the Fifth Amendment. Unlike plaintiffs' first claim, these two claims have no relationship to 19 U.S.C. § 1641(d)(2)(B). Because the revocation of Schick's license was accomplished under 19 U.S.C. § 1641(g)(2)(C), not 19 U.S.C. § 1641(b) or (d)(2)(B), plaintiffs' third claim, like its second claim, is not within the subject matter jurisdiction provided by 28 U.S.C. § 1581(g). The court concludes, further, that this third claim does not lie within the subject matter jurisdiction conferred by 28 U.S.C. § 1581(i)(1) because it does not arise out of a law providing for revenue from imports or tonnage. Jurisdiction according to 28 U.S.C. § 1581(i)(4) is also lacking because plaintiffs' Eighth Amendment claim does not arise out of a law providing for administration and enforcement of a matter referred to in 28 U.S.C. § 1581(a) through (h) or in paragraphs (1) through (3) of 28 U.S.C. § 1581(i). As required by the express limitations in 28 U.S.C. §1581(g) and (i), the court must dismiss plaintiffs' third claim for lack of subject matter jurisdiction.

### D. Plaintiffs' Claim Relating to Schick International Is Moot

Plaintiffs claim that any revocation of Schick International's corporate customs broker's license resulting from an unlawful revocation of Schick's individual license would be contrary to law and "must be set aside as unlawful pursuant to 5 U.S.C. § 706(2)(D)." Compl. ¶ 40. Defendant has moved to dismiss the claim as to Schick International on the ground that it is moot or unripe. Mem. in Supp. of Def.'s Mot. to Dismiss 7, 20-21. To avoid dismissal for mootness, a case must present "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would

be upon a hypothetical state of facts." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 241 (1937).

As stated by plaintiffs in their response to the motion to dismiss and reiterated at the oral

argument on defendant's motion to dismiss, held on February 27, 2007, Schick International now

has a qualifying officer with a valid customs broker's license and a permit to transact business in

the Los Angeles Customs District.  Resp. to Def.'s Mot. 6 n.3; *see also* Oral Argument 4:15-25,

Feb. 27, 2007.  Schick International therefore has attained, as a result of its own actions, the

result it originally was seeking.  "Federal courts lack jurisdiction to decide moot cases because

their constitutional authority extends only to actual cases or controversies."  *Iron Arrow Honor*

*Society v. Heckler*, 464 U.S. 67, 70 (1983) (per curiam).  For this reason, the court must dismiss

for lack of jurisdiction plaintiffs' claim relating to the corporate license of Schick International.

E.  The Interests of Justice Do Not Require Transfer in the Circumstances of this Case

Under 28 U.S.C. § 1631 (2000), if the court concludes that there is a want of jurisdiction

over a civil action, the court is required to transfer the action to another federal court in which the

action could have been brought if doing so is in the interest of justice.[3]  Because the court has

concluded that it lacks subject matter jurisdiction to adjudicate two of the claims pertaining to the

revocation of Schick's customs broker's license, the court has considered whether, in the interest

of justice, this action should be transferred to another federal court.  At the oral argument on

defendant's motion to dismiss, the court raised the question of transfer under 28 U.S.C. § 1631,

---

[3] Under 28 U.S.C. § 1631, if the court concludes there is a want of jurisdiction over a civil action, it "shall, if it is interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred."  28 U.S.C. § 1631 (2000).

at which time plaintiffs informed the court that, in the event the court disagreed with their assertion of subject matter jurisdiction, they did not intend to pursue this matter according to the transfer procedure. Oral Argument 8:21-31, Feb. 27, 2007 (at which plaintiffs' counsel stated that "it would be the current intention of this plaintiff that if this case were dismissed for lack of subject matter jurisdiction, we would appeal that [decision] to the [Court of Appeals]"). Because plaintiffs' statements at oral argument informed the court that plaintiffs would not prosecute their claims following a transfer, the court concludes that transfer would not be in the interest of justice.

### III.  CONCLUSION

Plaintiffs' claim pertaining to the revocation procedure of 19 U.S.C. § 1641(d)(2)(B) is within the court's subject matter jurisdiction but must be dismissed for failure to state a claim upon which relief can be granted. Plaintiffs' claim relating to the Fifth Amendment and the APA and their claim relating to the Eighth Amendment are not within the subject matter jurisdiction of 28 U.S.C. § 1581(g), (i)(1) or (i)(4). Plaintiffs' claim relating to the possible revocation of the corporate broker's license of Schick International is moot. Transfer is not in the interest of justice. Judgment dismissing plaintiffs' first claim for failure to state a claim upon which relief can be granted and dismissing plaintiffs' remaining claims for lack of jurisdiction will be entered accordingly.

                                                                /s/ Timothy C. Stanceu
                                                                Timothy C. Stanceu
                                                                Judge


Dated: December 18, 2007
          New York, New York

| | |
|---|---|
| **ARTHUR C. SCHICK, III,** | |
| and | |
| **SCHICK INTERNATIONAL FORWARDING, INC.,** | **Before: Timothy C. Stanceu, Judge** |
| Plaintiffs, | **Court No. 06-00279** |
| v. | |
| **UNITED STATES,** | |
| Defendant. | |

## JUDGMENT

Upon review of plaintiffs' complaint, defendant's motion to dismiss the complaint, and

all other filings and proceedings herein, after due deliberation, and in conformity with the

Opinion issued in this case, it is hereby

**ORDERED** that defendant's motion to dismiss the complaint is hereby granted because
no relief can be granted on plaintiffs' first claim and because the court lacks subject matter
jurisdiction of the remaining claims; it is further

**ORDERED** that this action is dismissed.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: December 18, 2007
New York, New York