Slip Op. 09-123

# UNITED STATES COURT OF INTERNATIONAL TRADE

ARTHUR C. SCHICK, III,

and

SCHICK INTERNATIONAL
FORWARDING, INC.,

Plaintiffs,

v.

UNITED STATES,

Defendant.

Before: Timothy C. Stanceu, Judge

Court No. 06-00279

## OPINION

[Denying plaintiffs' motion to transfer and dismissing action for lack of subject matter jurisdiction]

Dated: October 28, 2009

Neville Peterson LLP (*John M. Peterson* and *Michael T. Cone*) for plaintiffs.

*Tony West*, Assistant Attorney General, *Barbara S. Williams*, Attorney in Charge, International Trade Field Office, *Mikki Cottet*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice; *Benjamin B. Hamlow*, Office of Associate Chief Counsel, United States Customs and Border Protection, of counsel, for defendant.

Stanceu, Judge: Plaintiffs Arthur C. Schick III ("Schick") and Schick International

Forwarding, Inc. ("Schick International") ("plaintiffs") brought this action to contest the

revocation of Schick's customs broker's license for failure to file a timely status report ("triennial

report") with Customs and Border Protection, United States Department of Homeland Security

("Customs" or the "Agency") as required by Section 641(g) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1641(g) (2006). In an opinion dated December 18, 2007, the court dismissed plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *Schick v. United States*, 31 CIT __, 533 F. Supp. 2d 1276 (2007) ("*Schick I*").

Plaintiffs appealed the decision to the Court of Appeals for the Federal Circuit ("Court of Appeals"), which, upon ruling that the Court of International Trade lacked jurisdiction to consider any of plaintiffs' claims, remanded with instructions that the complaint again be dismissed and also directed the court to consider whether the matter should be transferred, pursuant to 28 U.S.C. § 1631 (2006), to a court with appropriate jurisdiction. *Schick v. United States*, 554 F.3d 992, 995-96 (Fed. Cir. 2009) ("*Schick II*"). Schick now moves to transfer this action to the District Court for the District of Columbia. Pl.'s Mot. Pursuant to 28 U.S.C. § 1631, for Transfer to Fed. Dist. Ct. 1 ("Pl.'s Mot.").

Pursuant to the decision in *Schick II*, the court lacks subject matter jurisdiction to hear plaintiffs' claims and must either dismiss or transfer the action. *Schick II*, 554 F.3d at 996. If a court finds that there is a want of jurisdiction, it is to transfer the action before it to any other such court in which the action could have originally been brought if doing so is in the interest of justice. 28 U.S.C. § 1631. Because the court concludes that transfer would not be in the interest of justice, the court will deny plaintiffs' motion for transfer and dismiss this action.

## I. BACKGROUND

Background information pertaining to the revocation of Schick's customs broker's license and the court's initial ruling are set forth in *Schick I*, 31 CIT at __, 533 F. Supp. 2d at 1280-81,

and summarized herein. Below, the court supplements that background with a summary of subsequent events.

In June 2006, Customs informed plaintiffs that Schick's customs broker's license had been revoked as a result of Schick's failure to file a timely triennial report with Customs as required by 19 U.S.C. § 1641(g)(1). *Schick I*, 31 CIT at __, 533 F. Supp. 2d at 1280-81. On August 18, 2006, plaintiffs brought this action in the Court of International Trade, asserting four claims. Plaintiffs claimed, first, that the revocation of Schick's customs broker's license by Customs was conducted without the observance of specific procedures, including a hearing, pursuant to 19 U.S.C. § 1641(d). Compl. ¶¶ 15-20. Second, they claimed that the revocation of Schick's license deprived Schick of due process of law in violation of the Administrative Procedure Act ("APA") and the Fifth Amendment. *Id.* ¶¶ 21-31. Third, they claimed that the revocation of Schick's license constituted an excessive fine or sanction in violation of the Eight Amendment. *Id.* ¶¶ 32-36. Their fourth claim was that the proposed revocation of Schick International's corporate customhouse brokerage license and permit on the basis of the individual license revocation would be contrary to law.[1] *Id.* ¶¶ 37-40. Defendant moved to dismiss plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. *Schick I*, 31 CIT at __, 533 F. Supp. 2d at 1280-81.

---

[1] Plaintiffs' fourth claim, which related to Schick International, became moot when Schick International informed Customs that it had appointed a licensed customs broker with a valid permit to conduct business in the Los Angeles District. *Schick v. United States*, 31 CIT __, __, __, 533 F. Supp. 2d 1276, 1279-80, 89 (2007). Therefore, the only remaining claims in this case are the three claims pertaining to the revocation of Schick's individual customhouse broker's license.

In *Schick I*, the court held that it lacked jurisdiction over those of plaintiffs' claims invoking the APA and the Fifth and Eighth Amendments but did establish jurisdiction under 28 U.S.C. § 1581(i)(4) for the claim that plaintiffs based on 19 U.S.C. § 1641(d). *Id.* at __, __, 533 F. Supp. 2d at 1282, 1286-89. The court then concluded that "no relief can be granted on plaintiffs' first claim because the claim is based on an argument that is contrary to the plain language of 19 U.S.C. § 1641." *Id.* at __, 533 F. Supp. 2d at 1282. The court further concluded that Customs provided Schick due process as required by § 1641(g)(2) before revoking his license, *id.* at __, 533 F. Supp. 2d at 1286, and explained that the notice and hearing provisions of § 1641(d)(2)(B) did not apply to a revocation under § 1641(g)(2). *Id.*

On appeal, the Court of Appeals held that the Court of International Trade did not have jurisdiction over plaintiffs' claims, holding that a challenge to any revocation for failure to timely file a triennial report under 19 U.S.C. § 1641(g) does not fall within the court's jurisdiction under 28 U.S.C. § 1581. *Schick II*, 554 F.3d at 994-95. Relying on its decision in *Retamal v. U. S. Customs & Border Protection*, 439 F.3d 1372 (Fed. Cir. 2006), the Court of Appeals held that the revocation of Schick's license was not reviewable in the Court of International Trade under either 28 U.S.C. § 1581(g) or under the residual jurisdiction provision in 28 U.S.C. § 1581(i). *Schick II*, 554 F.3d at 994-95. The Court of Appeals remanded the matter with instructions to dismiss for lack of subject matter jurisdiction. *Id.* at 995. Citing *Butler v. United States*, 30 CIT 832, 442 F. Supp. 2d 1311 (2006), the Court of Appeals also instructed the court to consider transfer under 28 U.S.C. § 1631. *Schick II*, 554 F.3d at 996.

Upon remand, plaintiffs moved to have the case transferred to the District Court for the District of Columbia, a transfer that defendant opposes.  Pl.'s Mot. 1; Def.'s Opp'n to Pl.'s Mot. Pursuant to 28 U.S.C. § 1631, for Transfer to Fed. Dist. Ct. ("Def.'s Opp'n").

## II.  DISCUSSION

In fulfilling the mandate of the Court of Appeals, the court must decide whether to transfer this action or dismiss for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1631.  In 28 U.S.C. § 1631, Congress provided, in pertinent part, that

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

*Id.*  The transfer plaintiffs seek is warranted only "if it is in the interest of justice" and if the District Court for the District of Columbia is the appropriate forum.  *See id.*  "The phrase 'if it is in the interest of justice' relates to claims which are nonfrivolous and as such should be decided on the merits."  *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1000 (Fed. Cir. 1987).  Frivolous claims involve "'legal points not arguable on their merits,' or those whose disposition is obvious."  *Id.* (citations omitted).  The court concludes that all three of plaintiffs' claims are frivolous.[2]

---

[2] Defendant also objects to transfer on the ground that plaintiffs are dilatory in seeking it. Def.'s Opp'n to Pl.'s Mot. Pursuant to 28 U.S.C. § 1631, for Transfer to Fed. Dist. Ct. 14-16. Defendant argues that plaintiffs waived their right to transfer when the court, during oral argument on the motion to dismiss, asked whether plaintiffs sought transfer in the event the court should conclude that it lacked subject matter jurisdiction.  *Id.*  The court does not have a valid basis on which to conclude that plaintiffs, in then indicating at that time that they did not request

(continued...)

A.  Plaintiffs' Claim that a Hearing Was Required by § 1641(d)(2) Is Frivolous

Plaintiffs' first claim, which is identified in the complaint as "COUNT I: Violation of 19 U.S.C. § 1641(d)," is that Customs acted contrary to § 1641(d)(2) in revoking Schick's customs broker's license without following the notice and hearing procedures set forth in that provision and thereby failed to afford Schick due process of law.  Compl. ¶¶ 15-20.  Section 1641(d)(2)(B) provides for revocation of a customs broker's license for cause subsequent to disciplinary proceedings.  *See* 19 U.S.C. § 1641(d).  It had no applicability to Schick's revocation, which was not a revocation for cause but occurred instead according to 19 U.S.C. § 1641(g) for failure to comply with the statutory requirement to file a triennial report.  As the court concluded in *Schick I*, the revocation procedures specified in subsection (d)(2)(B) and those specified in subsection (g)(2) of § 1641 are separate and exclusive.  31 CIT at __, 533 F. Supp. 2d at 1282.  The Court of Appeals agreed with this analysis in ruling on the jurisdiction issue, concluding that "[t]he 'disciplinary proceedings' that are covered by section 1641(d) are treated separately from the proceedings relating to the failure to file a triennial report, which are addressed in section 1641(g)."  *Schick II*, 554 F.3d at 995.  The statutory language providing for the separate revocation procedures is clear and unambiguous.  Because plaintiffs' proffered construction of the statute to require a hearing under § 1641(d) for revocation under § 1641(g) is implausible, the claim based on this construction is frivolous.

---

[2](...continued)
transfer and instead would appeal if the court concluded that it lacked jurisdiction, waived any right to seek transfer at a later stage of the proceedings.

B.  Plaintiffs' Claim that the APA Required an Adjudicative Hearing Is Frivolous

Plaintiff's second claim is identified in the complaint as "COUNT II – Violations of the Administrative Procedure Act."  *See* Compl. ¶¶ 21-31.  Plaintiffs argue that the APA, in 5 U.S.C. §§ 554, 556, and 557 (2006), required Customs to conduct a hearing at which Schick would be provided "the opportunity to submit facts, arguments, offers of settlement, or proposals of adjustment with respect to the revocation of his Customhouse broker's license," Compl. ¶ 28, and that the Agency's failure to do so violated the APA and denied Schick due process of law in violation of the Fifth Amendment.  *Id.* ¶¶ 27-29.

The court is unable to discern a nonfrivolous argument under which the APA provisions on which plaintiffs rely could apply to a license revocation under 19 U.S.C. § 1641(g).  Congress made § 554 applicable (with certain exceptions not here relevant) "in every case of adjudication *required by statute* to be determined on the record after opportunity for an agency hearing." 5 U.S.C. § 554(a) (emphasis added).  Although plaintiffs cite 19 U.S.C. § 1641(d) in support of their APA claim, Compl. ¶ 26, the claim that § 1641(d) requires Customs to conduct an adjudicative hearing upon suspension or revocation for failure to file a triennial report is frivolous for the reasons discussed previously in this Opinion.  Subsection (g) of § 1641 – pursuant to which Schick's license was revoked, and to which plaintiffs do not cite specifically in this count of their complaint, *see* Compl. ¶¶ 21-31 – makes no mention of an opportunity for a hearing and does not suggest, even remotely, that a license suspension or revocation thereunder is an adjudication of the type described by 5 U.S.C. § 554.  *See* 19 U.S.C. § 1641(g)(2).[3]

---

[3] Section 1641(g)(2) provides as follows:
    If a person licensed under subsection (b) of this section fails to file the

(continued...)

Sections 556 and 557 are also inapposite, as they set forth procedures for the hearings that are required under § 554. *See* 5 U.S.C. §§ 556, 557.

In stating their APA claim, plaintiffs assert in paragraph 29 of the complaint that "Customs' failure to accord Arthur C. Schick a hearing in accordance with the APA constituted a violation of that statute, and deprived him of due process of law, in violation of the Fifth Amendment to the United States Constitution." Compl. ¶ 29. Although this Fifth Amendment claim, when construed apart from the claim that the APA required an adjudicative hearing, is only vaguely stated, the court nevertheless construes it broadly in conjunction with paragraph 28 of the complaint, in which plaintiffs claim that Schick "was not given the opportunity to submit facts, arguments, offers of settlement, or proposals of adjustment with respect to the revocation of his Customhouse broker's license." Compl. ¶ 28. The court construes the claim to be that Customs violated the Fifth Amendment guarantee of due process in failing to conduct an adjudicative hearing at which facts material to suspension and revocation of Schick's license would be determined and alternatives to revocation would be considered.

Even so broadly construed, plaintiffs' APA and Fifth Amendment claim is frivolous. Although § 1641 does not prohibit Customs from conducting an adjudicative hearing to ascertain

---

[3](...continued)
required report by March 1 of the reporting year, the license is suspended, and may be thereafter revoked subject to the following procedures:
    (A) The Secretary shall transmit written notice of suspension to the licensee no later than March 31 of the reporting year.
    (B) If the licensee files the required report within 60 days of receipt of the Secretary's notice, the license shall be reinstated.
    (C) In the event the required report is not filed within the 60-day period, the license shall be revoked without prejudice to the filing of an application for a new license.
19 U.S.C. § 1641(g)(2) (2006).

facts material to a revocation under subsection (g), plaintiffs could not have benefitted from such a hearing on the facts as asserted in their complaint. The only "fact" that § 1641(g) permitted Customs to ascertain prior to notifying Schick that his license was suspended was Schick's failure to accomplish a timely filing of the report. 19 U.S.C. § 1641(g)(2). Plaintiffs admit such a failure in their complaint. Compl. ¶ 9 ("As the result of illness, plaintiff Arthur C. Schick, III, did not timely file his required triennial status report on or before February 1, 2006."). The statute required Customs to provide notice of the suspension, but plaintiffs also admit that Schick received such notice and make no claim that the notice was deficient. *See* Compl. ¶ 10 (stating that "[b]y letter dated on or about March 5, 2006 . . . , the Port Director of Customs . . . notified Mr. Schick that, as a result of his failure to file the required triennial report by the February 1, 2006 deadline, Customs had suspended his license"); c*f. Butler*, 30 CIT at 835-41, 442 F. Supp. 2d at 1315-21 (holding that transfer was appropriate where plaintiff claimed that the regulation setting forth the revocation procedures was inconsistent with the statute with respect to the date that triggered the sixty-day period and thereby violated § 1641(g)(2)(B) and the due process requirement). According to the statute, the only fact material to revocation of a suspended license is whether the licensee failed to make the required remedial filing within the sixty-day statutory period following receipt of the notice of suspension. *See* 19 U.S.C. § 1641(g)(2)(C) (providing in that event that "the license *shall be revoked* without prejudice to the filing of an application for a new license" (emphasis added)). Plaintiffs admit in the complaint that "by reason of illness, Mr. Schick failed to file the form within the 60 day period specified by Customs." Compl. ¶ 10. In summary, plaintiffs admit in the complaint a set of facts upon which Customs was required by the statute to revoke Schick's license. They fail to allege

that any of these facts were ever in dispute.  The court considers frivolous a claim that due process required Customs to conduct an adjudicative hearing to determine facts that plaintiffs, upon commencing the action, admit.  Plaintiffs' implied claim that due process required Customs to offer Schick a hearing at which Schick could have established any other facts or mitigating circumstances, or proposed a settlement, is frivolous as well.  The statute on its face, in § 1641(g), plainly foreclosed any inquiry into such facts or circumstances.  Customs lacked discretion to consider the reasons why Schick, once notified of the suspension, may have failed to remedy within the sixty-day period his earlier failure to file.  The court concludes, however, that plaintiffs' complaint fails to state any claim that § 1641(g) violates the Fifth Amendment.  Because the court, for the reasons stated below, reaches this conclusion based on its reading of the complaint, the court does not decide the question of whether such a claim, had it been made, would have been nonfrivolous.

In their motion seeking transfer, plaintiffs appear to characterize their APA claim as containing a claim that § 1641(g) is unconstitutional as applied, arguing that this is an issue never before decided by any federal court.  Pl.'s Mot. 5.  The motion states that "[s]pecifically, plaintiff asserts that, to the extent 19 U.S.C. § 1641(g) is interpreted as allowing the revocation of broker licenses without prior hearing, it violates constitutional guarantees of due process" and that "[p]laintiff's action raises substantial and serious questions regarding the constitutionality of Section 1641(g) as currently administered by Customs."  *Id.*  The flaw in this characterization is that the constitutional claim plaintiffs appear to describe in their motion to transfer appears nowhere in their complaint.  The only paragraphs in the complaint that conceivably could be construed together to suggest such a claim are the aforementioned paragraphs 28 and 29.

Paragraph 28 states no claim by itself and merely alleges as a fact that Schick "was not given the opportunity to submit facts, arguments, offers of settlement, or proposals of adjustment with respect to the revocation of his customhouse broker's license." Compl. ¶ 28. Although paragraph 29 states a claim, that claim in its entirety is that "Customs' failure to accord Arthur C. Schick a hearing in accordance with the APA constituted a violation of that statute, and deprived him of due process of law, in violation of the Fifth Amendment to the United States Constitution." Compl. ¶ 29. Even construed liberally, this paragraph does not make out a facial or an as-applied claim that 19 U.S.C. § 1641(g) violates the Fifth Amendment. There is no reference in either paragraph to § 1641(g), or even to § 1641 in general. The paragraph does not materially expand upon plaintiffs' contentions, to which much of the remainder of the complaint is directed, that both § 1641 and the APA required an adjudicative hearing in connection with the license revocation.[4] In conclusion, paragraphs 28 and 29 of the complaint do not state a claim that § 1641(g), on its face or as applied, violates the Fifth Amendment, and plaintiffs did not seek to amend their complaint to add such a claim.

---

[4] Although the court reaches its conclusion that plaintiffs made no constitutional claim based on its construction of the complaint, the court observes that plaintiffs, in opposing defendant's motion to dismiss, generally characterized their claims as claims that are *other than* facial or as-applied challenges to the constitutionality of 19 U.S.C. § 1641(g). Plaintiffs argued that defendant's argument, made in support of dismissal, that subsections (d) and (g) create separate revocation procedures is an impermissible construction of § 1641 for various reasons, including the reason that defendant's construction of the statute would lead to absurd and unconstitutional results. *See* Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss 28 ("In plaintiff's view, 19 U.S.C. § 1641(g) provides a *ground* for possible revocation of a license, but does not excuse Customs from following the notice and hearing procedures of 19 U.S.C. § 1641(d) before revoking a license on that ground.").

### C.  Plaintiffs' Eighth Amendment Claim is Frivolous

Plaintiffs third claim is identified in the complaint as "COUNT III – Violation of Eighth

Amendment 'Excessive Fines' Clause."  *See* Compl. ¶¶ 32-36.  Plaintiffs state that

> [t]o the extent that Customs revoked and forfeited the Customhouse broker
> license of plaintiff Arthur C. Schick III as a fine or sanction for his failure to
> timely file the informational report prescribed in 19 U.S.C. § 1641(g)(1), the
> sanction constitutes an excessive fine in violation of the Eighth Amendment to the
> United States Constitution, and must be set aside as unlawful.

Compl. ¶ 36.  This claim is frivolous because it is based on a false premise.  Customs did not

revoke Schick's license as a fine or sanction and could not lawfully have done so.  Because

Schick failed to file the report during the sixty-day period following his receipt of notice that his

license had been suspended for his earlier failure to comply with the reporting requirement,

Customs acted exactly as the statute directed it to do, revoking the license without prejudice to

the filing of an application for a new license.  On the uncontested facts of this case, Customs

lacked any authority to impose, or consider imposing, a fine or sanction, just as it lacked

authority to do anything other than to proceed to revocation once Schick allowed the sixty-day

period to come to a close without making the required remedial filing.  In advancing their third

claim, plaintiffs do not state or imply that they are challenging the constitutionality of 19 U.S.C.

§ 1641(g) on Eighth Amendment grounds.  Therefore, they are left with an untenable claim that

challenges as an impermissible "sanction" an action that Customs was required by statute to take.

Because any court's disposition of plaintiffs' Eighth Amendment claim would be obvious, the

claim must be regarded as frivolous.

Plaintiffs cited *United States v. Bajakajian*, 524 U.S. 321 (1998), in support of their

Eighth Amendment claim, Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss 25, but citation

to this authority does nothing to bolster their claim so as to render it nonfrivolous. *Bajakajian* held that the United States violated the Excessive Fines Clause of the Eighth Amendment in seeking the forfeiture of the entire amount of $357,144 of which Bajakajian was found guilty of failing to report to Customs upon exiting the United States. *Bajakajian*, 524 U.S. at 324. The facts upon which plaintiffs base their Eighth Amendment claim are not analogous to those upon which the Supreme Court reached its decision in *Bajakajian*.

### III. CONCLUSION

For the aforestated reasons, the court concludes that each of plaintiffs' three claims is frivolous. It would be contrary to the sound administration of justice for defendant and another federal court to be burdened by any litigation commenced on these claims. Therefore, the court concludes that the transfer of this action to a court of competent jurisdiction would not be in the interest of justice.[5] Accordingly, the court does not consider the question of an appropriate forum for transfer. The court lacks jurisdiction over plaintiffs' fourth claim, which the court earlier held to be moot. Judgment will be entered denying plaintiffs' motion to transfer and dismissing this action for lack of jurisdiction.

/s/ Timothy C. Stanceu
Timothy C. Stanceu
Judge

Dated: October 28, 2009
        New York, New York

---

[5] The court notes that under 28 U.S.C. § 2401(a) (2006), a civil action commenced against the United States is subject to a six-year statute of limitations. Thus, if any nonfrivolous claim possibly could arise out of Schick's license revocation, it appears that Schick would not be precluded from pursuing it in an appropriate forum.