# United States Court of Appeals for the Federal Circuit

2008-1172

ARTHUR C. SCHICK, III
and SCHICK INTERNATIONAL FORWARDING, INC.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

John M. Peterson, Neville Peterson LLP, of New York, New York, argued for plaintiffs-appellants.  With him on the brief was Michael T. Cone.

Mikki Cottet, Senior Trial Attorney, International Trade Field Office, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee.  With her on the brief were Barbara S. Williams, Attorney in Charge, and Gregory G. Katsas, Assistant Attorney General, and Jeanne E. Davidson, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC.  Of counsel was Joanne M. Halley, Senior Deputy, Office of Deputy Associate Chief Counsel, United States Customs and Border Protection, of Long Beach, California.

Appealed from:  United States Court of International Trade

Judge Timothy C. Stanceu

# United States Court of Appeals for the Federal Circuit

2008-1172

ARTHUR C. SCHICK, III and
SCHICK INTERNATIONAL FORWARDING, INC.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of International Trade
in case no. 06-00279, Judge Timothy C. Stanceu.

_____

DECIDED:  January 27, 2009

_____

Before MAYER, BRYSON, and PROST, <u>Circuit Judges</u>.

BRYSON, <u>Circuit Judge</u>.

Arthur C. Schick, III, a licensed U.S. customs broker, had his customs license revoked for failure to file the triennial status report required of all customs brokers.  He filed suit in the Court of International Trade seeking an order compelling the United States Customs and Border Protection ("Customs") to reinstate his license.  The court denied relief, and Mr. Schick appealed to this court.  Although much of our analysis tracks that of the trial court, we conclude that the trial court lacked jurisdiction to consider Mr. Schick's claim.  We therefore remand with instructions that his complaint be dismissed.

For a number of years, every licensed customs broker has been required to file a short report with Customs by the first of February every third year.  See 19 U.S.C. § 1641(g)(1).  This "triennial status report" need contain only two pieces of information: a statement concerning whether the broker is actively engaged in business as a customs broker, and the broker's current address.  Although Mr. Schick had been a customs broker since 1985, he did not file the triennial status report that was due in February 2006.  The following month, the Acting Port Director of Customs for the Port of Los Angeles sent Mr. Schick a letter informing him that his license had been suspended as a result of his failure to submit a status report and advising Mr. Schick that he needed to file the report within 60 days to avoid revocation of his license.  Although that letter was received by Mr. Schick's office, Mr. Schick still failed to file the triennial status report within the 60-day period.  Consequently, following the expiration of the 60-day period Customs sent Mr. Schick another letter informing him that his license had been revoked as of May 6, 2006.  In August 2006, Mr. Schick asked Customs to withdraw the revocation, and he requested a hearing pursuant to 19 U.S.C. § 1641(d)(2)(B).  Customs denied that request.  Customs explained that in accordance with 19 U.S.C. § 1641(g)(1), his license was revoked by operation of law for his failure to file his 2006 triennial report and fee.  Customs added that the statute governing the revocation of his license for failure to file the triennial report did not afford him a right to a hearing with respect to the revocation.

In his action before the Court of International Trade, Mr. Schick argued that before revoking his license Customs was required to afford him various procedural

protections including notice and a hearing pursuant to 19 U.S.C. § 1641(d)(2)(B), a statute that concerns disciplinary proceedings against customs brokers. He argued that the disciplinary sanction procedures should have been applied in his case even though his license was revoked pursuant to a different statute, 19 U.S.C. § 1641(g)(2), which deals with the requirement to file triennial reports and sets out the procedures to be followed in the event that a broker fails to file such a report.[1] The Court of International Trade concluded that no relief could be granted on his claim because Mr. Schick's argument was, the court concluded, "contrary to the plain language of 19 U.S.C. § 1641."

In order to reach the merits of Mr. Schick's claim, the court concluded that it had jurisdiction pursuant to 28 U.S.C. § 1581(i)(4). Because we disagree that the court had jurisdiction to consider Mr. Schick's claim, we do not reach Mr. Schick's argument that the procedural protections of 19 U.S.C. § 1641(d)(2)(B) should be applied to a license revocation under 19 U.S.C. § 1641(g)(2)(C).

II

Three years ago, in Retamal v. United States Customs and Border Protection, Homeland Security, 439 F.3d 1372 (Fed. Cir. 2006), we addressed the question whether the Court of International Trade has jurisdiction to review Customs' revocation of a license for failure to file a triennial report under 19 U.S.C. § 1641(g). In that case,

---

[1] Mr. Schick also argued on behalf of himself and his company, Schick International Forwarding, Inc., that the failure to hold a hearing violated the Due Process Clause of the Fifth Amendment to the Constitution and the Administrative Procedure Act. He also contended that the revocation of his license constituted an excessive fine prohibited by the Eighth Amendment to the Constitution. The Court of International Trade held that it lacked subject matter jurisdiction to consider those claims, and Mr. Schick has not appealed that ruling.

as here, a customs broker had his license revoked for failing to file the triennial report. We concluded that neither 28 U.S.C. § 1581(g) nor 28 U.S.C. § 1581(i)(4) provided the court with jurisdiction.

In Retamal, we first addressed the question whether section 1581(g) provides a jurisdictional basis for judicial review of a license revocation under 19 U.S.C. § 1641(g). In holding that it does not, we noted that although section 1581(g) specifically includes a reference to disciplinary suspensions and revocations of licenses under section 1641(d), it contains no reference to license suspensions or revocations for failure to file a triennial report, which are authorized by section 1641(g). 439 F.3d at 1375. We then considered whether the court could nonetheless review the license revocation under the residual jurisdictional provision, 19 U.S.C. § 1581(i). We noted that section 1581(i)(4) provides the Court of International Trade with jurisdiction over:

> any civil action commenced against the United States, its agencies, or its officers, that arises out of any law of the United States providing for . . . administration and enforcement with respect to the matters referred to in paragraphs (1)-(3) of this subsection and subsections (a)-(h) of this section.

Retamal, 439 F.3d at 1375. We concluded, however, that the claim in the Retamal case did not relate to the administration and enforcement of any matter referred to in those subsections. We explained that "the revocation of a license under 19 U.S.C. § 1641(g)(2) is not referenced anywhere in 28 U.S.C. §§ 1581(a)-(h) or 28 U.S.C. §§ 1581(i)(1)-(3) and, therefore, jurisdiction cannot lie under section 1581(i)(4)." Retamal, 439 F.3d at 1376.

In this case, the Court of International Trade concluded that it had jurisdiction under 28 U.S.C. §1581(i)(4). It distinguished Retamal on the ground that in Retamal this court was not presented with the question whether the customs broker was entitled

to the benefit of the procedures set forth in section 1641(d)(2)(B) prior to the revocation of his license under section 1641(g)(2)(C). The trial court reasoned that because Mr. Schick claimed that he was entitled to the procedures set forth in section 1641(d)(2)(B), his claim "arose under" section 1641(d). The court concluded that section 1641(d) is a "matter referred to" in section 1581(g)(2) and therefore that it had jurisdiction under section 1581(i)(4).

Section 1641(d) authorizes the revocation or suspension of licenses for disciplinary violations and lists the disciplinary violations that are subject to that subsection. See 19 U.S.C. § 1641(d)(1)(A)-(F). The "disciplinary proceedings" that are covered by section 1641(d) are treated separately from the proceedings relating to the failure to file a triennial report, which are addressed in section 1641(g). While section 1581(g)(2) refers to, and permits review of, the revocation or suspension of a customs broker's license for disciplinary reasons under section 1641(d)(2)(B), it neither refers to, nor permits review of, a revocation or suspension for failure to file a triennial report under section 1641(g)(2). Thus, a claim arising under section 1641(g)(2) is not a claim arising out of a law providing for the administration and enforcement of matters referred to in section 1581(g)(2). Although Mr. Schick contends that he is entitled to the same procedures that are provided by statute for disciplinary revocations or suspensions, his assertion as to the applicable procedures does not convert his claim into one arising from the administration and enforcement of a decision to revoke a license because of a disciplinary violation under section 1641(d)(2)(b). Instead, his claim arises from the administration and enforcement of a revocation under section 1641(g), which is not

covered by the "catch-all" jurisdictional provision, section 1581(i). The trial court therefore lacked jurisdiction to consider Mr. Schick's claim.

III

Because we conclude that the Court of International Trade lacked jurisdiction in this case, we do not address Mr. Schick's argument that the procedural protections of 19 U.S.C. § 1641(d)(2)(B) should be applied to a license revocation under 19 U.S.C. § 1641(g)(2)(C). Instead, we decide only that 19 U.S.C. §1641(g) provides the Secretary with independent authority to revoke a customs broker's license, an action that is unreviewable in the Court of International Trade. In light of our holding regarding jurisdiction, the Court of International Trade should consider the applicability of the transfer statute, 28 U.S.C. § 1631, on remand. See Butler v. United States, 442 F. Supp. 2d 1311 (Ct. Int'l Trade 2006).

Each party shall bear its own costs for this appeal.

REMANDED WITH INSTRUCTIONS.