NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BEST KEY TEXTILES CO. LTD.,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2015-1775

---

Appeal from the United States Court of International Trade in No. 1:13-cv-00367-RKM, Senior Judge R. Kenton Musgrave.

---

Decided: August 15, 2016

---

JOHN MICHAEL PETERSON, Neville Peterson LLP, New York, NY, argued for plaintiff-appellant. Also represented by RICHARD F. O'NEILL, RUSSELL ANDREW SEMMEL.

BEVERLY A. FARRELL, International Trade Field Office, United States Department of Justice, New York, NY, argued for defendant-appellee. Also represented by MARCELLA POWELL, AMY RUBIN; JEANNE E. DAVIDSON, BENJAMIN C. MIZER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washing-

ton, DC; PAULA S. SMITH, Bureau of Customs and Border Protection, United States Department of Homeland Security, New York, NY.

———————————

Before O'MALLEY, WALLACH, and TARANTO, *Circuit Judges*.

WALLACH, *Circuit Judge*.

In February 2015, we held that the United States Court of International Trade ("CIT") erred in asserting subject matter jurisdiction over a suit filed by Best Key Textiles Co. Ltd. ("Best Key") pursuant to 28 U.S.C. § 1581(i)(4) (2012). *See Best Key Textiles Co. v. United States* (*Best Key I*), 777 F.3d 1356, 1362 (Fed. Cir. 2015). In reaching that conclusion, we observed that the "proper 'avenue of approach'" to redress the harm alleged in Best Key's action would have been a challenge under § 1581(a). *Id.* (quoting *Hartford Fire Ins. Co. v. United States*, 544 F.3d 1289, 1292 (Fed. Cir. 2008)). Because Best Key had not properly invoked the CIT's jurisdiction pursuant to § 1581(a), we remanded "with instructions to dismiss for lack of jurisdiction." *Id.* at 1357; *see Hartford Fire*, 544 F.3d at 1292 ("[J]urisdiction under subsection 1581(i) may not be invoked if jurisdiction under another subsection of section 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate." (citation omitted)).

When the suit returned to the CIT, Best Key filed a motion to transfer the action to the United States District Court for the District of Columbia ("D.C. District Court"). The CIT denied Best Key's motion as foreclosed by this court's mandate in *Best Key I* and dismissed the action.[1]

———————————

[1]    "Unless the court directs that a formal mandate issue, the mandate consists of a certified copy of the

*See Best Key Textiles Co. v. United States* (*Best Key II*), No. 13-00367, 2015 WL 3798041, at *2–3 (Ct. Int'l Trade June 18, 2015).

Best Key appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5). We affirm.

## DISCUSSION

### I. Standard of Review and Legal Framework

"[T]he interpretation by an appellate court of its own mandate is properly considered a question of law, reviewable de novo." *Laitram Corp. v. NEC Corp.*, 115 F.3d 947, 950 (Fed. Cir. 1997).

"The mandate rule . . . dictates that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *Banks v. United States*, 741 F.3d 1268, 1276 (Fed. Cir. 2014) (internal quotation marks and citation omitted). "This rule is limited to issues actually decided" by the appellate court, "either explicitly or by necessary implication." *Id.* (internal quotation marks and citation omitted); *see SUFI Network Servs., Inc. v. United States*, 817 F.3d 773, 779 (Fed. Cir. 2016) ("For an issue to be implicitly decided, it must be decided by necessary implication." (internal quotation marks and citation omitted)). When a trial court interprets a mandate from this court, "both the letter and the spirit of the mandate must be considered." *TecSec, Inc. v. Int'l Bus. Mach. Corp.*, 731 F.3d 1336, 1342 (Fed. Cir. 2013) (internal quotation marks and citation omitted).

judgment, a copy of the court's opinion, if any, and any direction about costs." Fed. R. App. P. 41(a).

II. The CIT Properly Held that *Best Key I* Implicitly
Precluded Consideration of Best Key's Motion to Transfer

Best Key argues that "the 'mandate rule' should not
be interpreted as precluding the CIT from considering the
question of transfer." Appellant's Br. 17 (capitalization
omitted). That is so, Best Key continues, because "[t]he
CIT's power to transfer is statutory and derived from [28
U.S.C.] § 1631[2]—not from this [c]ourt's mandate." *Id.* at
18.

Although the transfer issue was not raised in *Best
Key I*, we implicitly decided it. There, we held the CIT did
not possess subject matter jurisdiction over Best Key's
suit pursuant to § 1581(i)(4)[3] and that the "proper avenue
of approach" to redress the harm alleged in Best Key's
action "is a challenge under § 1581(a)." *Best Key I*, 777

---

[2]    In relevant part, § 1631 provides:

Whenever a civil action is filed in a court . . . and
that court finds that there is a want of jurisdic-
tion, the court shall, if it is in the interest of jus-
tice, transfer such action or appeal to any other
such court in which the action . . . could have been
brought at the time it was filed.

28 U.S.C. § 1631.

[3]    "Section 1581(i) provides the CIT with residual ju-
risdiction over civil actions that arise from import trans-
actions." *Hutchison Quality Furniture, Inc. v. United
States*, No. 2015-1900, 2016 WL 3668030, at *3 (Fed. Cir.
July 6, 2016) (citation omitted). Section 1581(i)(4) specifi-
cally provides the CIT with "exclusive jurisdiction" over
"any civil action commenced against the United
States . . . providing for . . . administration and enforce-
ment with respect to the matters referred to in"
§ 1581(a)–(i)(3).

F.3d at 1362 (internal quotation marks and citation omitted). Section 1581(a) provides the CIT with "exclusive jurisdiction" over matters that fall within its purview, such as the denial of a protest concerning the appropriate classification of (and the attendant duty rate that applies to) imports. *See* 28 U.S.C. § 1581(a) (providing the CIT with "exclusive jurisdiction" over "any civil action commenced to contest the denial of a protest, in whole or in part, under" 19 U.S.C. § 1515 (2012)); *see also* 19 U.S.C. § 1514(a) (listing protestable decisions). Because the CIT would possess exclusive jurisdiction over any such denied protest, the CIT did not err in finding Best Key's transfer request implicitly foreclosed by *Best Key I*. *See K Mart Corp. v. Cartier, Inc.*, 485 U.S. 176, 182–83 (1988) (Federal district courts are "divested of jurisdiction . . . if th[e] action [falls] within one of the specific grants of exclusive jurisdiction to the [CIT]."); *Conoco, Inc. v. U.S. Foreign-Trade Zones Bd.*, 18 F.3d 1581, 1586 (Fed. Cir. 1994) (discussing same); *accord Nippon Miniature Bearing Corp. v. Weise*, 230 F.3d 1131, 1135–39 (9th Cir. 2000) (discussing same); *Miami Free Zone Corp., Inc. v. Foreign Trade Zones Bd.*, 22 F.3d 1110, 1111–13 (D.C. Cir. 1994) (discussing same); *Trayco Inc. v. United States*, 967 F.2d 97, 98–99 (4th Cir. 1992) (discussing same).

Best Key also contends that, because we permitted the CIT to consider transferring an action to a federal district court in a prior appeal, it was appropriate for the CIT to do so on remand. Appellant's Br. 18 (citing *Schick v. United States*, 554 F.3d 992 (Fed. Cir. 2009)). *Schick* does not necessitate a different result. *Schick* involved a cause of action for which *no provision* of § 1581 provided the CIT with exclusive jurisdiction. *See* 554 F.3d at 994–95. Because the CIT did not possess exclusive jurisdiction over the question presented, we instructed the CIT to consider on remand whether a federal district court would have jurisdiction. *See id.* at 995–96. By contrast, *Best*

*Key I* found that the CIT would have *exclusive jurisdiction* over the harm alleged in Best Key's action pursuant to § 1581(a). *See* 777 F.3d at 1362. Thus, *Schick* is inapposite.

Best Key next avers that "it would be reasonable to expect that this [c]ourt would have expounded on the [transfer] issue, or sought briefing from the parties concerning [the] same if, as the CIT surmises, this [c]ourt considered the question of transfer in formulating its mandate." Appellant's Br. 22–23. But Best Key overlooks the consequences that flow from a finding that the CIT possesses subject matter jurisdiction over an action pursuant to § 1581(a). When an action falls within the ambit of § 1581(a), the CIT has "exclusive jurisdiction" over the suit. *See K Mart*, 485 U.S. at 182–83. Because the CIT would have exclusive jurisdiction over the harm alleged in Best Key's action, no federal district court could properly assert jurisdiction over the action. There was no reason to address the transfer issue in *Best Key I*.

Finally, Best Key argues that judicial review pursuant to § 1581(a) would be unavailable or otherwise manifestly inadequate, so the CIT should have decided whether to transfer its action to the D.C. District Court. *See* Appellant's Br. 3; Appellant's Reply 7. We *rejected* these arguments in *Best Key I*, *see* 777 F.3d at 1362–63 (rejecting Best Key's argument that "§ 1581(a) is neither available nor adequate"), and Best Key has not identified a valid reason for revisiting that determination, *see Banks*, 741 F.3d at 1276 (explaining that, "[u]nder the mandate rule, a court below must adhere to a matter decided in a prior appeal unless . . . (1) subsequent evidence presented at trial was substantially different from the original evidence; (2) controlling authority has since made a contrary and applicable decision of the law; or

(3) the decision was clearly erroneous" (citation omitted)).[4] We decline to revisit that holding.

## CONCLUSION

We have considered Best Key's remaining arguments and find them unpersuasive. Accordingly, the final judgment of the United States Court of International Trade is

**AFFIRMED**

---

[4] After we issued *Best Key I*, Best Key did not seek panel rehearing or rehearing en banc of that decision before the mandate issued.