# United States Court of Appeals for the Federal Circuit

---

**INDUSTRIAL CHEMICALS, INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2019-1176

---

Appeal from the United States Court of International Trade in No. 1:17-cv-00177-JCG, Judge Jennifer Choe-Groves.

---

Decided: November 8, 2019

---

ROBERT GIVENS, JOSHUA BEKER, Givens & Johnston, PLLC, Houston, TX, argued for plaintiff-appellant.

GUY EDDON, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, argued for defendant-appellee. Also represented by AMY RUBIN, JAMIE SHOOKMAN; JOSEPH H. HUNT, JEANNE DAVIDSON, Washington, DC; YELENA SLEPAK, Office of the Assistant Chief Counsel, United States Bureau of Customs and Border Protection, United States Department of Homeland Security, New York, NY.

————————————

Before PROST, *Chief Judge,* WALLACH and HUGHES, *Circuit Judges.*

WALLACH, *Circuit Judge.*

Appellant Industrial Chemicals, Inc. ("Industrial Chemicals") appeals from the judgment of the U.S. Court of International Trade ("CIT") dismissing its complaint. The CIT held that it lacked jurisdiction under 28 U.S.C. § 1581(a) (2012) to consider Industrial Chemicals' claim that the U.S. Customs and Border Protection ("Customs") had improperly denied its protest concerning duty free treatment for its entries of organic chemicals from India under the Generalized System of Preferences ("GSP"). *See Indus. Chems., Inc. v. United States*, 335 F. Supp. 3d 1327, 1330 (Ct. Int'l Trade 2018); J.A. 1 (Judgment). We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(5). We affirm.

## BACKGROUND

The GSP provides "duty-free treatment" for "eligible article[s] from . . . beneficiary developing countr[ies]," 19 U.S.C. § 2461 (2012), among them, India, *see* Harmonized Tariff Schedule of the United States, General Note 4(a) (2013) (listing India as a GSP designated beneficiary country). Congressional authorization for the GSP expired on July 31, 2013, *see* Extension–Generalized System of Preferences, Pub. L. No. 112–40, § 1, 125 Stat. 401, 401 (2011), and was not renewed until June 29, 2015, *see* Trade Preferences Extension Act of 2015 ("Extension Act"), Pub. L. No. 114–27, § 201, 129 Stat. 362, 371 (2015). For GSP-eligible entries made during the lapse in authorization, Congress provided "retroactive application" of the GSP (i.e., a refund of duties paid), so long as the importer filed a request with Customs "not later than" December 28, 2015. *Id.* § 201(b)(2)(A)–(B).

Industrial Chemicals made sixty-five entries of organic chemicals from India between August 2013 and October 2014, while the GSP had lapsed. J.A. 13–15 (Schedule of Protests), 36–39 (Request). The entries were liquidated between June 2014 and September 2015. J.A. 13–15. Industrial Chemicals avers that, if the GSP had been in force, its entries would have been GSP-eligible. J.A. 17, 36. Industrial Chemicals did not, however, submit its request for retroactive GSP treatment until February 2, 2016, more than a month after the deadline. *See* J.A. 36. On March 11, 2016, Customs denied the request, explaining that "[s]ince [the request] was received after December 28, 2015, it [could not] be processed per [the Extension Act § 201]." J.A. 40. On June 1, 2016, Industrial Chemicals filed its Protest of Customs' "denial of GSP treatment." J.A. 44; *see* J.A. 13–15. Customs denied the Protest as untimely pursuant to 19 U.S.C. § 1514. J.A. 41 (denying Industrial Chemicals' Protest because it had been filed more than 180 days after liquidation of its entries); *see* 19 U.S.C. § 1514(c)(3) (providing that a protest must be filed with Customs "within 180 days after" the "date of liquidation or reliquidation" of relevant entries or, if both of those are inapplicable, "the date of the [protested] decision").

Industrial Chemicals filed a Complaint in the CIT, alleging improper denial of its Protest. J.A. 16–24 (Complaint). Industrial Chemicals claimed jurisdiction under 28 U.S.C. § 1581(a). J.A. 17; *see* 28 U.S.C. § 1581(a) (providing jurisdiction over "any civil action commenced to contest the denial of a protest, in whole or in part"). The CIT dismissed Industrial Chemicals' Complaint, concluding that the CIT lacked subject matter jurisdiction because Industrial Chemicals' Protest was invalid. *Indus. Chems.*, 335 F. Supp. 3d at 1330.

DISCUSSION

I. Standard of Review and Legal Standard

We review the CIT's jurisdictional determinations de novo. *See Sunpreme Inc. v. United States*, 892 F.3d 1186, 1191 (Fed. Cir. 2018) (citation omitted). "Although we review the decisions of the CIT de novo, we give great weight to the informed opinion of the CIT and it is nearly always the starting point of our analysis." *Nan Ya Plastics Corp. v. United States*, 810 F.3d 1333, 1341 (Fed. Cir. 2016) (internal quotation marks, brackets, ellipsis, and citation omitted). "[T]he party invoking [the CIT's] jurisdiction bears the burden of establishing it." *Norsk Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006). "However, we must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant." *Hutchison Quality Furniture, Inc. v. United States*, 827 F.3d 1355, 1359 (Fed. Cir. 2016) (internal quotation marks and citation omitted).

"The [CIT], like all federal courts, is a court of limited jurisdiction." *Sakar Int'l, Inc. v. United States*, 516 F.3d 1340, 1349 (Fed. Cir. 2008) (citation omitted); *see* 28 U.S.C. § 1581(a)–(j) (enumerating the CIT's jurisdiction). Section 1581(a) gives the CIT "exclusive jurisdiction of any civil action commenced to contest [Customs'] denial of a protest, in whole or in part, under [19 U.S.C. § 1515]." 28 U.S.C. § 1581(a); *see* 19 U.S.C. § 1515 (providing Customs with authority to review protests made pursuant to 19 U.S.C. § 1514). Under § 1514, an importer may protest "any clerical error, mistake of fact, or other inadvertence . . . adverse to the importer, in any entry, liquidation, or reliquidation, and, decisions of [Customs], including the legality of all orders and findings entering into the same, as to" certain Customs enforcement actions including "the classification and rate and amount of duties chargeable" and "the liquidation or reliquidation of an entry . . . or any modification thereof[.]" 19 U.S.C. § 1514(a)(2), (5); *see* 19

C.F.R. § 174.12(a)(1) (2016) (providing that an importer may file a protest). Customs' "merely ministerial" actions are not protestable under 19 U.S.C. § 1514. *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977 (Fed. Cir. 1994). "Customs must [have] engage[d] in some sort of decision-making process in order for there to be a protestable decision." *U.S. Shoe Corp. v. United States*, 114 F.3d 1564, 1569 (Fed. Cir. 1997), *aff'd*, 523 U.S. 360 (1998); *see Thyssenkrupp Steel N. Am., Inc. v. United States*, 886 F.3d 1215, 1225 (Fed. Cir. 2018) (explaining that the term "ministerial" "excludes actions requiring genuine interpretive or comparable judgments as to what is to be done" (citation omitted)). This is because Customs must have the "authority to grant relief in [the] protest action." *Gilda Indus., Inc. v. United States*, 446 F.3d 1271, 1276 (Fed. Cir. 2006). Further, protests must be filed with Customs "within 180 days after" either "the date of liquidation or reliquidation," or, "in circumstances where [those are] inapplicable, the date of the [protested] decision." 19 U.S.C. § 1514(c)(3).

## II. The CIT Properly Dismissed Industrial Chemicals' Complaint for Lack of Jurisdiction

The CIT dismissed Industrial Chemicals' Complaint for lack of jurisdiction, explaining that, to the extent Industrial Chemicals contested Customs' denial of retroactive GSP treatment, its Protest was invalid, because the denial was "not a protestable decision under 19 U.S.C. § 1514(a)," and "[t]o the extent that [Industrial Chemicals] contest[ed] the liquidation of its entries, its [P]rotest was untimely[.]" *Indus. Chems.*, 335 F. Supp. 3d at 1330.[1] Industrial

---

[1]  Industrial Chemicals does not contest that, to the extent its Protest challenged the liquidation of its entries, it was untimely. Oral Arg. at 9:40–9:50, http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2019-1176.mp3 (Q: "You're time-barred from filing a protest to the actual

Chemicals challenges the CIT's holding as based on "a misunderstanding of the facts of the case." Appellant's Br. 6. Industrial Chemicals argues that "[j]urisdiction" over its claim "is proper under 28 U.S.C. § 1581(a)" because Customs' denial of retroactive GSP treatment was a "protestable decision under 19 U.S.C. § 1514(a)," and its Protest "was timely" because it was filed within 180 days of that denial. *Id.* We disagree with Industrial Chemicals.

Customs' denial of GSP treatment to Industrial Chemicals' entries was not a "protestable decision" under 19 U.S.C. § 1514(a). Industrial Chemicals filed its request for retroactive GSP treatment in February 2016, after the December 28, 2015 statutory deadline. *See* J.A. 20 (Complaint), 36 (Request); *see also* Appellant's Br. 10 ("Industrial Chemicals . . . did not file a claim for a refund of duties under GSP until after the statutory deadline under the GSP Renewal Act."). Customs did not have the discretion to amend or exempt Industrial Chemicals from that deadline. *See* Extension Act § 201 (providing for "retroactive application" of the GSP, so long as the importer filed a request with Customs "not later than" December 28, 2015); *see also Haggar Apparel Co. v. United States*, 222 F.3d 1337, 1340 (Fed. Cir. 2000) ("If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress[.]" (quoting *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.,* 467 U.S. 837, 842–43 (1984))). Therefore, Customs' application of the deadline to Industrial Chemicals' untimely request was ministerial. *See Thyssenkrupp*, 886 F.3d at 1225 (providing that a "non-ministerial task" requires the resolution of "a genuine dispute"); *Gilda*, 446 F.3d at 1276 (explaining that where "Customs has no authority to overturn or disregard" an

---

liquidation decision that's the normal protest course?" A: "Absolutely, your Honor.").

instruction, protest is not available because "Customs would have no authority to grant relief in a protest action challenging the imposition of the duty"). Such ministerial actions are not protestable under 19 U.S.C. § 1514(a). *Mitsubishi*, 44 F.3d at 977 (explaining that Customs' non-discretionary, "ministerial" acts "do not fall within 19 U.S.C. § 1514(a)"). Accordingly, the CIT did not err in finding Industrial Chemicals' Protest invalid.

Industrial Chemicals' counterarguments are unpersuasive. First, Industrial Chemicals asserts that *Thyssenkrupp* supports the conclusion that Customs' "denial of a protest is inherently 'protestable.'" Appellant's Br. 7 (citing *Thyssenkrupp*, 886 F.3d at 1221–22). In *Thyssenkrupp*, we considered whether the CIT had § 1581(a) jurisdiction where Customs had "rejected" an importer's protest as "non-protestable." 886 F.3d at 1222. We addressed whether Customs' "rejection" constituted a "denial of the protest" under 19 U.S.C. § 1514(a). *Id.* at 1221–22; *see* 19 U.S.C. § 1514(a) (providing that certain Customs actions and decisions will be "final and conclusive" unless a "protest is filed" or "a civil action contesting the *denial of a protest* . . . is commenced in the [CIT]" (emphasis added)). We held that Customs' "rejection" was a "denial" for the purposes of commencing an action in the CIT. *Thyssenkrupp*, 886 F.3d at 1222–23 (explaining that a "rejection" is a "label . . . of no statutory significance"). We then considered whether the underlying Customs' action was protestable. *Id.* at 1223–27. We concluded that, because the underlying Customs action was "a determination that embodied meaningful judgments," it was protestable. *Id.* at 1225. We held that the CIT properly had § 1581(a) jurisdiction. *Id.* at 1228. *Thyssenkrupp* does not stand for the proposition that the CIT "inherent[ly]" has § 1581(a) jurisdiction over any "denial of a protest," Appellant's Br. 7, but rather that the CIT has jurisdiction over the denial of a timely, valid protest, 886 F.3d at 1227. As the Government explained, *Thyssenkrupp* does not undermine, but

"underscores the soundness of the [CIT's] judgment" here. Appellee's Br. 12.

Second, Industrial Chemicals argues that *Zojirushi Am. Corp. v. United States*, 180 F. Supp. 3d 1354 (Ct. Int'l Trade 2016), supports the conclusion that an importer may protest an "error in the construction of the law" or of fact, even if that error was their own. Appellant's Br. 9–10 (quoting *Zojirushi*, 180 F. Supp. 3d at 1365). However, whether Industrial Chemicals made an "error," such that it "did not file a claim for a refund of duties under [the] GSP until after the statutory deadline[,]" is irrelevant. Appellant's Br. 10. Customs did not have the discretion to exempt Industrial Chemicals from the deadline set by Congress. *See* Extension Act § 201 (providing "retroactive application" of the GSP, so long as the importer filed a request with Customs "not later than" December 28, 2015); *cf. Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1346 (Fed. Cir. 1997) (explaining that an importer "cannot circumvent" a statutory filing deadline "by claiming . . . its own lack of diligence").[2] Accordingly, the CIT properly dismissed Industrial Chemicals' Complaint for lack of jurisdiction.

---

[2]    Industrial Chemicals also asserts that *Ford v. United States*, 635 F.3d 550 (Fed. Cir. 2011), "confirms that jurisdiction exists in [Industrial Chemicals'] case." Appellant's Reply 4. In *Ford*, we held that, where an importer has "timely filed" a post-importation rebate claim, failure to "timely fil[e]" a supporting document "did not deprive the [CIT] of jurisdiction." 635 F.3d at 557. Industrial Chemicals, however, did not timely file its claim (its request for retroactive GSP treatment). J.A. 20 (Complaint), 36 (Request). *Ford* is, accordingly, inapposite.

CONCLUSION

We have considered Industrial Chemicals' remaining arguments[3] and find them unpersuasive.  The Judgment of the U.S. Court of International Trade is

**AFFIRMED**

---

[3]    Industrial Chemicals argues that the CIT has jurisdiction under 28 U.S.C. § 1581(i)(2) or (4).  Appellant's Br. 11–15.  However, Industrial Chemicals did not raise this argument before the CIT.  J.A. 17 (Complaint) (asserting only 28 U.S.C. § 1581(a) jurisdiction).  The argument is, accordingly, waived.  *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) ("This is an appellate court and as such we abide by the general rule that new arguments will not be decided in the first instance on appeal."); *Hutchison*, 827 F.3d at 1359 ("The party invoking the CIT's jurisdiction bears the burden of establishing it." (internal quotation marks, brackets, and citation omitted)).